**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| LARRY JAMES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 1:11-CV-205 PS |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

**<u>OPINION AND ORDER</u>**

Larry James, a *pro se* prisoner, filed a habeas corpus petition attempting to challenge his Indiana state court child molesting convictions that resulted in a combined 80 year sentence. In his response, the Respondent initially argued that the claims raised in the petition had not been exhausted. But because it appeared that the petition was a decade late, I raised *sua sponte* the issue of the timeliness of the petition and ordered additional briefing pursuant to *Day v. McDonough*, 547 U.S. 198, 209 (2006), which I have now received from both parties. Because James's petition is time-barred and equitable tolling is not applicable to this case, the petition must be denied.

Pursuant to 28 U.S.C. § 2244(d), habeas corpus petitions are subject to a one-year statute of limitations, though the date when that one-year period begins to run depends on a variety of factors:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

      (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

      (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

      (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

There is nothing in James's filings that indicate that his claims are based on a newly recognized Constitutional right (subsection 1(C)), or that his claims are based on newly discovered evidence (subsection 1(D)). In the context of his argument for equitable tolling, James contends that he was prevented from filing his habeas corpus petition sooner (subsection 1(B)), but as explained in my discussion below, there is simply no merit to that argument. Therefore, subsection 1(A) applies here, and James's one-year period began to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . .."

James pled guilty and was subsequently sentenced on November 19, 1998. The Respondent argues that "Indiana law did not allow direct appeal from the sentences" [ECF 16 at 2], but it is unclear (and in this case immaterial) whether James had any other direct appeal rights under Indiana law. Giving him the benefit of that possibility, the deadline for filing a direct appeal expired on December 21, 1998. *See* Indiana Rules of Appellate Procedure 9.A (a notice of

appeal must be filed within 30 days) and Indiana Rules of Appellate Procedure 25.B (when the last day is a Saturday, the deadline expires the following Monday). As a result, James's one-year period to file his habeas corpus petition began on December 22, 1998. *See Gonzalez v. Thaler*, 565 U.S. __, __; 132 S. Ct. 641, 653-54 (2012). ("[T]he judgment becomes final . . . when the time for pursuing direct review . . . expires."). A year later, on December 22, 1999, the time for filing a habeas corpus petition expired. While it is true that a pending post-conviction relief petition tolls the 1-year period of limitation, James did not attempt to challenge his conviction or sentence in State court until nearly a decade later on September 17, 2009. But by then, the allowable time for filing a habeas corpus petition had long since expired, and it was too late for the 2009 filing to have any effect on the timeliness of this habeas corpus petition. James signed this habeas corpus petition on June 7, 2011. Therefore it is untimely.

At this point, only equitable tolling can save James from the statute-of-limitations. Equitable tolling is a common law doctrine that may be applied to excuse an untimely filing if the petitioner can establish that he pursued his rights diligently but was unable to file on time due to some extraordinary circumstance that stood in his way. *Holland v. Florida*, 560 US ___, 130 S. Ct. 2549, 177 L. Ed. 2d 130 (2010). But equitable tolling is rarely granted, and it is reserved for truly extraordinary cases. *Simms v. Acevedo*, 595 F.3d 774, 781 (7th Cir. 2010).

Without providing any factual details, James asserts that he was misled into believing that he had no constitutional rights and that he was overwhelmed by intimidation tactics. [DE 14 at 1-2.] He argues that he lacked the savvy or sophistication to understand the legal rules and requirements. [*Id.*] James says that he only finally understood that he could bring a legal challenge after he met someone who explained it to him. [*Id.*] What he does not say is that

3

anyone ever physically prevented him from writing to State or federal courts. Rather, he is

merely arguing that he did not know or understand that he could do so.  But a prisoner's lack of

knowledge of the law is not the type of extraordinary circumstance that warrants equitable

tolling. *Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008) (prisoner's limited legal resources

and lack of knowledge of the law did not constitute extraordinary circumstances warranting

equitable tolling); *Jones v. Hulick*, 449 F.3d 784, 789 (7th Cir. 2006) (lack of knowledge of the

law was not ground for equitable tolling). Neither is a miscalculation of the deadline nor waiting

until the last minute to file. *Griffith v. Rednour*, 614 F.3d 328, 331 (7th Cir. 2010) ("[T]his kind

of negligence is not 'extraordinary' by any means. Such a blunder does not extend the time for

filing a collateral attack.").

James also argues that the State process for challenging his conviction and sentence is

ineffective and that he has no other available State remedies. He argues that pursuant to 28

U.S.C. § 2254(b)(1)(B), he must therefore be able to pursue federal habeas corpus relief without

regard to the statute of limitations. While it is true that James's efforts in the State courts have

been unsuccessful, that is not proof that the State procedures are ineffective to redress valid,

properly presented, timely claims. Indeed, though James has tried to obtain permission to file a

belated direct appeal pursuant to Indiana Post-Conviction Rule 2, it does not appear that he has

ever tried to file a post-conviction relief petition pursuant to Indiana Post-Conviction Rule 1.

Thus, it is unclear that he has no other State remedies available to him. Nevertheless, even if he

had no other State remedies, James's argument that § 2254(b)(1)(B) is an exception to the statute

of limitations found in § 2244(d) is mistaken. That provision (28 U.S.C. § 2254(b)(1)(B)) merely

excuses the general habeas corpus requirement that a petitioner exhaust his state court remedies

4

before seeking federal habeas corpus relief. It does nothing to alter the time limits for doing so. *Cf. Balsewicz v. Kingston*, 425 F.3d 1029, 1033-1034 (7th Cir. 2005) (Even actual innocence is not a freestanding exception to the 1-year period of limitation.) and *Escamilla v. Jungwirth*, 426 F.3d 868, 872 (7th Cir. 2005) ("Section 2244(d) sets the timing rules for all petitions.").

Having now decided that James's habeas corpus petition must be denied, I am now required, by Section 2254 Habeas Corpus Rule 11, to decide whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when the court dismisses a petition on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This habeas corpus petition was filed long after the expiration of the one-year period of limitation and James has not presented any legally recognized basis for his claim of equitable tolling. Because there is no basis for finding that jurists of reason would debate the correctness of these procedural rulings, a certificate of appealability must be denied.

For the foregoing reasons, the court **DISMISSES** this habeas corpus petition as untimely and **DENIES** a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11.

**SO ORDERED**.

ENTERED: January 7, 2013

s/ Philip P. Simon
PHILIP P. SIMON, CHIEF JUDGE
UNITED STATES DISTRICT COURT